IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JONATHAN ALEXANDER HARGETT, )
)
        Plaintiff, )
)
        v. )        1:23CV648
)
AMY COLLINS, et al., )
)
        Defendant(s). )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted a civil rights action pursuant to 42 U.S.C. § 1983. The form of the Complaint is such that a serious flaw makes it impossible to further process the Complaint. The problem is:

1.     The filing fee was not received nor was a proper affidavit to proceed *in forma pauperis* submitted, with sufficient information completed and signed by Plaintiff, to permit review.

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defect of the present Complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)). The Court also notes that Plaintiff continues to raise unclear claims. Plaintiff alleges that Defendants denied blank affidavit forms, but it is not clear as to whether Plaintiff was constitutionally entitled to them or whether he was harmed by the alleged failures to provide them. Plaintiff may intend to raise a claim that Defendants denied him access to the courts. If so, Plaintiff must allege facts demonstrating

that the Defendants' actions denied him access to the courts by actually depriving him of the ability to pursue nonfrivolous claims.  See Jackson v. Wiley, 352 F. Supp. 2d 666, 679-80 (E.D. Va.) (citing Lewis v. Casey, 518 U.S. 343 354-55 (1996)), aff'd, 103 F. App'x 505 (4th Cir. 2004).  Plaintiff also alleges he was housed near inmates that posed a threat to him or were positive for Covid-19.  However, he alleges no apparent harm from these incidents.  Finally, Plaintiff continues to allege that Defendants did not remove him from segregated confinement at his request and did not approve transfers, but alleges no facts constitutionally entitling him to such changes.

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.  The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

IT IS RECOMMENDED that this action be dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

This, the 21st day of August, 2023.

                              /s/ L. Patrick Auld
                              **L. Patrick Auld**
                              **United States Magistrate Judge**